IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER CHESKAWICH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THREE RIVERS MORTGAGE )<br>COMPANY, L.L.C., )<br>)<br>Defendant. ) | 2:05cv691<br>**Electronic Filing** |

**MEMORANDUM OPINION**

August 32, 2006

**I.     INTRODUCTION**

Plaintiff, Amber Cheskawich ("Plaintiff" or "Cheskawich"), filed a three (3) count complaint against Defendant, Three Rivers Mortgage Company, L.L.C. ("Three Rivers") alleging: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"); (2) failure to pay wages and commissions in violation of the Pennsylvania Wage Payment and Collection Act, 43 Pa. Cons. Stat. § 260.1 *et seq.* (the "WPCA"); and (3) wrongful discharge.

Three Rivers filed a motion to dismiss in the nature of a motion for summary judgment contending that it was not an "employer" as defined under 42 U.S.C. § 12111(5), as it did not "employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . ." 42 U.S.C. § 12111(5)(A).  This Court then allowed Cheskawich to conduct discovery on the issue of whether Three Rivers employed the requisite number of employees to be considered an employer within the meaning of the ADA, including whether Tiche Capital Strategies and/or First Vanguard Mortgage Company, L.L.C. could be considered a single or joint employer with Three Rivers.

Following an extended period of discovery, Cheskawich filed a motion to amend her complaint in order to: (1) add a cause of action under the Pennsylvania Human Relations Act (the "PHRA"); (2) add Bradley D. Tiche, owner of Three Rivers and Tiche Capital Strategies,

L.L.C. ("Tiche Capital") as a defendant; and (3) add Tiche Capital as a defendant because Tiche Capital and Three Rivers must be considered a joint employer and/or a single employer under the ADA. Cheskawich has responded to Three Rivers motion to dismiss, and the matters are now before the Court.

## II.  STATEMENT OF THE CASE

Cheskawich began employment with Three Rivers as a Loan Officer in July of 2003. Complaint ¶ 25.  Suffering from severe hip pain for which she sought treatment in March of 2004, Cheskawich alleges she was temporarily disabled and unable to return to work. Complaint ¶¶ 28-31.  Three Rivers refused to pay Cheskawich the wages and commissions she earned prior to her disability leave, and she sought legal assistance. Complaint ¶¶ 33-34.  On or about March 22, 2004, Brad Tiche informed Plaintiff that she would be paid a reduced commission of twenty (20%) per cent instead of fifty (50%) per cent, and that she was being terminated from her position with Three Rivers. Complaint ¶ 35.

## III.  LEGAL STANDARD FOR MOTION TO DISMISS AND SUMMARY JUDGMENT

It is well settled that, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).  Dismissal of a complaint is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000)(citing *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)).  The question is not whether the plaintiff will ultimately prevail; instead, it is whether the plaintiff can prove any set of facts consistent with the averments of the complaint which

would show the plaintiff is entitled to relief. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). If it is clear from the record that plaintiff has not alleged a cognizable claim as a matter of law or fails to allege sufficient facts to support the claim, then the complaint should be dismissed. *Id.*

Because the Court granted a period of discovery prior to final briefing on the motion, both parties rely on materials outside of the pleadings to support their positions. The Court, therefore, may consider this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b). Summary judgment is appropriate where, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Michaels v. New Jersey*, 222 F.3d 118, 121 (3d Cir. 2000); *Jones v. School District of Philadelphia*, 198 F.3d 403, 409 (3d Cir. 1999). *See also* FED. R. CIV. P 56(c). To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at

3

trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

IV. DISCUSSION

    A.    <u>Employer under the ADA</u>

Under the ADA, a "covered entity" is prohibited from discriminating against a "qualified individual with a disability, because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (1994). Section 101(2) defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee. " 42 U.S.C. § 12111(2). Further, "employer" is defined under the ADA as a "person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . ." 42 U.S.C. § 12111(5)(A).

The term "employer" is defined in the ADA as it is in the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Principles developed in case law under Title VII are therefore instructive on the issue whether Three Rivers is an "employer." *Switalski v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, Local Union No. 3*, 881 F. Supp. 205, 207 (E. D. Pa. 1995). In this regard, Plaintiff urges the Court to use the four-part "single employer" or "integrated-enterprise" test formulated in *NLRB v. Browning-Ferris Indus., Inc.*, 691 F.2d 1117 (3d Cir. 1982) to determine if the alleged independent entities herein are actually a "single employer," and thus aggregate the total number of employees in satisfaction of the required minimum under the ADA. *See Martin v. Safeguard Scientifics, Inc.*, 17 F. Supp. 2d 357, 361 (E.D. Pa. 1998).

Under the *Browning-Ferris* test, the following four factors are assessed to ascertain

whether multiple entities are so interrelated that they could be treated as one employer: (1) the functional integration of operations, (2) centralized control of labor relations, (3) common management and (4) common ownership. *NLRB v. Browning-Ferris Indus., Inc.*, 691 F.2d at 1122. While the *Browning-Ferris* court established the four-part test for the purpose of application to the National Labor Relations Act, the same analysis has previously been applied by the federal courts in district courts for employment discrimination actions based upon both the Age Discrimination in Employment Act and Title VII. *See, e.g., Podsobinski v. Roizman*, 1998 U.S. Dist. LEXIS 1743 (E.D. Pa. Feb. 13, 1998)(Title VII); *Daliessio v. DePuy, Inc.*, 1998 U.S. Dist. LEXIS 605 (E.D. Pa. Jan. 23, 1998) (ADEA and Title VII); *Zarnoski v. Hearst Bus. Communications, Inc.*, 1996 U.S. Dist. LEXIS 181 (E.D. Pa. Jan. 11, 1996) (Title VII).

The Court of Appeals for the Third Court, however, specifically rejected the use of the *Browning-Ferris* test in Title VII actions because: (1) the National Labor Relations Act (the "NLRA") and Title VII ask whether entities are a single enterprise for different reasons; and (2) "the NLRA's policy goals point in a different direction than Title VII's." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 85 (3d Cir. 2003). Specifically, the court stated:

> As discussed, a significant purpose of the fifteen-employee minimum in the Title VII context is to spare small companies the considerable expense of complying with the statute's many-nuanced requirements. This goal suggests that the fifteen-employee minimum should be **strictly construed**. By contrast, the NLRB's jurisdiction was intended to be expansive, suggesting a more lenient test for labor cases. Thus we deem there is little reason to refer to the NLRB's test in deciding whether two entities should together be considered an "employer" for Title VII purposes. We instead adopt a different framework, tailored to Title VII's policy goals.

*Id.* (citations omitted)(emphasis added).

This Court must, therefore, determine whether the two nominally independent enterprises in reality constitute only one integrated enterprise and require single employer treatment based upon the test set forth in *Nesbit*. There, the Third Circuit held that single employer treatment is only appropriate: (1) when a company has split itself into separate

5

entities for the purpose of evading Title VII; (2) when a parent company directed a subsidiary's discriminatory acts; and (3) where two or more entities' affairs are so interconnected that they collectively caused the alleged discriminatory employment practice. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d at 85-86. Further, the court determined that the focus of the inquiry should be on the degree of operational entanglement; whether operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another. *Id.* at 87. The relevant operational factors specifically mentioned by the court include: "(1) the degree of unity between the entities with respect to ownership, management (both directors and officers), and business functions (*e.g.*, hiring and personnel matters), (2) whether they present themselves as a single company such that third parties dealt with them as one unit, (3) whether a parent company covers the salaries, expenses, or losses of its subsidiary, and (4) whether one entity does business exclusively with the other." *Id.*

Applying the test from *Nesbit*, and considering the above-listed operational factors, this Court is unable to find that Three Rivers and Tiche Capital constitute only one integrated enterprise and require single employer treatment for purposes of the ADA. As an initial matter, there is no evidence in the record that Three Rivers and Tiche Capital split itself into separate entities for the purpose of evading liability under the ADA. Three Rivers is a mortgage brokerage business formed in May of 2001. Three Rivers' Reply Statement of Undisputed Material Facts ¶ 1. Tiche Capital is a stock brokerage business which was formed in 2000. Three Rivers' Reply Statement of Undisputed Material Facts ¶ 5. Bradley Tiche served as president of Tiche Capital since its inception in 2000. *Id.* at ¶ 7. Mr. Tiche became president of Three Rivers following the death of Three Rivers' former president, Al Reynolds, in 2003. *Id.* at ¶ 4. Nothing in the record indicates that the companies split in order to evade the consequences of the ADA.

Regarding a parent company directed discriminatory act, the Third Circuit specifically found in *Nesbit* that if the entities do not have a parent-subsidiary relationship, the second

factor requiring a combining of employees does not exist. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d at 88.  Though we have common ownership in this case, there is no evidence that Tiche Capital directed Three Rivers to terminate Cheskawich in violation of the ADA.

Finally, outside of the common ownership, this Court finds insufficient evidence that the affairs of the entities were so interconnected that they collectively caused the alleged discriminatory employment practice.  Moreover, an analysis of each of the operational factors set forth above results in a finding against the aggregation of the two (2) companies' employees.  The evidence of record supports a finding that Tiche Capital and Three Rivers maintained separate employee payroll systems and that each company paid its employees out of separate accounts.  Three Rivers' Reply Statement of Undisputed Material Facts ¶¶ 12 & 13.  There is no evidence that Tiche Capital and Three Rivers presented themselves to third parties as a single company. *Id.* at ¶¶ 8-11.  Finally, because the to companies were engaged in separate and distinct businesses, there is no evidence that one entity does business exclusively with the other.

Accordingly, Plaintiff has failed to prove that Three Rivers and Tiche Capital must be treated as one company in determining Three Rivers' status as an employer under the ADA.  Because the clear evidence indicates that Three River did not employ the requisite number of employees during either 2003 or 2004, it is not an employer under the ADA and Plaintiff's claim thereunder must be dismissed.

B.      Motion to Amend Complaint

Under Rule15(a) of the Federal Rules of Civil Procedure, "a party may amend a pleading at any time prior to the service of a responsive pleading. If a responsive pleading has been filed, then a party may amend a pleading only upon leave of the court or written consent of the adverse party." *Glaziers & Glass Workers v. Janney Montgomery Scott*, 155 F.R.D. 97, 99 (E.D. Pa. 1994); *See* FED. R. CIV. P. 15(a).  While Rule 15(a) requires that leave to amend should be "freely given," a district court has the discretion to deny this request if it is apparent

from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990).

"Amendment of the complaint is futile if the amendment would not cure the deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *Williams v. Philadelphia Housing Authority*, 826 F. Supp. 952, 954 (E.D. Pa. 1993). Clearly Plaintiff's proposed Amended Complaint fails to allege facts that will cure the deficiency of its ADA claim.  Cheskawich moves to amend in order to: (1) add a cause of action under the Pennsylvania Human Relations Act (the "PHRA"); (2) add Bradley D. Tiche, owner of Three Rivers and Tiche Capital Strategies, L.L.C. ("Tiche Capital") as a defendant; and (3) add Tiche Capital as a defendant because Tiche Capital and Three Rivers must be considered a joint employer and/or a single employer under the ADA.

Because this Court has determined that the employees of Tiche Capital and Three Rivers cannot be aggregated under *Nesbit* for the purposes of the ADA, the proposed amendments will not cure the defect in Plaintiff's cause of action under the ADA. Therefore, Cheskawich's request for leave to amend her complaint shall be denied.

The ADA claim is the only claim over which this Court has original jurisdiction. It has been long-recognized in the Third Circuit that federal district courts should refrain from exercising supplemental jurisdiction once all federal claims have been dismissed.  *See City of Pittsburgh Comm'n on Human Rels. v. Key Bank USA*, 163 Fed. Appx. 163, 164 (3d Cir. 2006). Specifically, the Third Circuit has stated:

> Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.

*Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006)(quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Moreover, 28 U.S.C. § 1367(c) gives a district court discretion to decline supplemental jurisdiction once it has dismissed all federal claims before it. Section 1367(c) states: "The district courts may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c).  Further, 28 U.S.C. § 1447(c) mandates that when a district court lacks subject matter jurisdiction altogether, the case must be remanded. The statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Based on the foregoing, this Court shall decline to exercise supplemental jurisdiction over Plaintiff's state claims for failure to pay wages and commissions in violation of the WPCA and for wrongful discharge.

V.   **CONCLUSION**

This Court finds that there are no material facts in dispute, and Cheskawich is unable to show that Three Rivers is an "employer" as defined under the ADA. Her claim thereunder must be dismissed. Three Rivers' motion to dismiss or for summary judgment shall be granted. The Court further declines to exercise supplemental jurisdiction over Plaintiff's pendent state claims, and such claims will be dismissed without prejudice. Cheskawich's motion to amend the complaint will be denied as futile.  An appropriate order will follow.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:   Charles H. Saul, Esquire
      Liberty J. Weyandt, Esquire
      Margolis Edelstein
      The Grant Building, Suite 1500
      310 Grant Street
      Pittsburgh, PA 15219

W. Scott Hardy, Esquire
Floyd A. Clutter, Esquire
Cohen & Grigsby, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222